THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| TOM HUSSEY PHOTOGRAPHY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LIFETIME HEARING SERVICES, INC. and LESLEY S. KIRBY,<br><br>Defendants. | Case No. 4:24-cv-5324-JD |
|---|---|

**COMPLAINT**

Plaintiff Tom Hussey Photography, LLC ("Plaintiff") sues defendants Lifetime Hearing Services Inc. ("Lifetime Hearing Services") and Lesley S. Kirby ("Dr. Kirby") (collectively the "Defendants"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located in Dallas, Texas.

2. Lifetime Hearing Services is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 522 W. Palmetto St., Florence, SC 29550. Lifetime Hearing Services' agent for service of process is Lesley S. Kirby, 520 W. Palmetto St., Florence, SC 29501.

3. Dr. Kirby is an individual who is a citizen of the state of South Carolina residing at 609 Mt. Carmel Rd., Timmonsville, SC 29161.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

## FACTS

**Plaintiff's Business and History**

7. Plaintiff's principal/sole member (Tom Hussey) is a well-known and highly regarded photographer specializing in commercial advertising and lifestyle photography.

8. Respected industry wide for his lifestyle photography and admired for his lighting techniques, Mr. Hussey has worked on local, national, and international advertising/marketing campaigns during the course of his long career as a professional photographer.

9. Mr. Hussey has received numerous awards and accolades throughout his career, including several ADDY awards (from the American Advertising Federation), being named as one of the 'Top 10 Creatives in the World' by *Adweek Magazine*, being selected as one of the 'Top 200 Advertising Photographers Worldwide' by *Luerzer's Archive*, and having his work featured in the *Communication Arts Photography Annual*.

**The Work at Issue in this Lawsuit**

10. From 2009 through 2012, Mr. Hussey created a series of highly conceptual photographs titled "Reflections," showing elderly people looking pensively at their younger self-

reflections in a mirror.

11.   The project was commissioned by Norvatis in connection with a marketing campaign for the introduction of its new Alzheimer's drug called the Exelon Patch.

12.   To create the 'Reflections' photographs, Mr. Hussey worked with a multitude of adult models in both the New York City area and in Paris, France on four different photo shoots from 2009 through 2012.  Those photo shoots required multiple dates on location and dozens if not hundreds of hours in post-processing.

13.   The 'Reflections' series was so well-received that it won a Gold ADDY award from the American Advertising Foundation and all of the images were utilized as part of Novartis' ad campaign.

14.   Mr. Hussey published a total of approximately sixteen (16) photographs as part of the 'Reflections' series.  Five (5) of those photographs are the subject of this lawsuit.

**A.  The First Photograph**

15.   In 2009, Mr. Hussey created a professional photograph of an elderly man viewing his younger self as a fireman in his mirror (titled "N-46-Fireman-Caregiver-2.jpg") (the "First Photograph").  A copy of the First Photograph is displayed below:

**B. The Second Photograph**

16. In 2009, Mr. Hussey created a professional photograph of an elderly man viewing his younger self as a graduate in his mirror (titled "N-46-Graduate-2.jpg") (the "Second Photograph"). A copy of the Second Photograph is displayed below:

**C. The Third Photograph**

17. In 2009, Mr. Hussey created a professional photograph of an elderly woman viewing her younger self as a teacher in her mirror (titled "N-46-Korean-Teacher.jpg") (the "Third Photograph"). A copy of the Third Photograph is displayed below:



**D. The Fourth Photograph**

18. In 2009, Mr. Hussey created a professional photograph of an elderly woman viewing her younger self as a nurse in her bathroom mirror (titled "N-46-Nurse.jpg") (the "Fourth Photograph"). A copy of the Fourth Photograph is displayed below:

**E. The Fifth Photograph**

19. In 2009, Mr. Hussey created a professional photograph of an elderly man viewing his younger self as a scientist in his mirror (titled "N-46-Scientist-Crop.jpg") (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:



20. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, and Fifth Photograph are collectively referred to herein as the "Work."

21. The Work was registered by Mr. Hussey with the Register of Copyrights on June 8, 2009 and was assigned Registration No. VAu 990-319. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

22. In 2019, Mr. Hussey executed an Assignment and Transfer of Copyrights that transferred all of his rights, title, and interest to all of Mr. Hussey's copyrights (including but not limited to the Work) to Plaintiff.

23. As a result thereof, Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**Defendants' Unlawful Activities**

24. Lifetime Hearing Services operates as a hearing facility with three locations situated in the Pee Dee area. On its main website, Lifetime Hearing Services advertises having "the best audiologists and hearing instrument specialists" in the region.

25. Dr. Kirby, a licensed Doctor of Audiology (South Carolina License #865), is the Owner and CEO of Lifetime Hearing Services. Dr. Kirby has exclusive control over the business activities of Lifetime Hearing Services, including but not limited to the infringing activities that are subject of this lawsuit.

26. Dr. Kirby utilizes her LinkedIn page to promote and/or market the business activities of Lifetime Hearing Services (at https://www.linkedin.com/in/lesley-kirby-81915628/). Dr. Kirby regularly posts content advertising and marketing the services of Lifetime Hearing Services to her LinkedIn and other social media pages.

27. Defendants advertise/market their business primarily through their websites (e.g., https://lifetimehearingservices.com/ and https://hearingcareercoaching.com/), social media (e.g., https://www.linkedin.com/in/lesley-kirby-81915628/, https://www.facebook.com/hearingcareercoaching, https://www.instagram.com/lifetimehearingsc/, and https://twitter.com/LifetimeHearSC), and other forms of advertising.

28. In March 2023 (after Mr. Hussey's above-referenced copyright registration of the Work), Defendants displayed and/or published the Work on their website, webpage, and/or social media (at https://www.linkedin.com/posts/lesley-kirby-81915628_for-those-of-us-who-work-with-seniors-may-activity-7041581913643384832-gP8F?utm_source=share&utm_medium=member_desktop and https://www.linkedin.com/posts/lesley-kirby-81915628_for-those-of-us-who-work-with-seniors-may-activity-7041581913643384832-gP8F/):

Search
Home
My Network
Jobs
Messaging
Notifications
Me
For Business
Hire Top Talent
Try Premium Free
Lesley Kirby
Owner of Lifetime Hearing Services, Inc.
+ Follow
View full profile
Lesley Kirby • 3rd+
Owner of Lifetime Hearing Services, Inc.
1yr •
+ Follow
For those of us who work with seniors, May we never forget this ... who they "once were" ,but also who they will always be.
12
Ad
Visit the organization page for Healthedly!
Compare Affordable Insurance Plans with Healthedly
Follow
About Accessibility Help Center
Privacy & Terms Ad Choices
Advertising Business Services
Get the LinkedIn app More
LinkedIn Corporation © 2024

Lesley Kirby • 3rd+
Owner of Lifetime Hearing Servi...
+ Follow
For those of us who work with seniors, May we never forget this ... who they "once were" ,but also who they will always be.
Like
Comment
Repost
Send
Add a comment...

Lesley Kirby • 3rd+
Owner of Lifetime Hearing Servi...
+ Follow
For those of us who work with seniors, May we never forget this ... who they "once were" ,but also who they will always be.
Like
Comment
Repost
Send
Add a comment...

29. A true and correct copy of screenshots of Defendants' website, webpage, and/or social media displaying the copyrighted Work, is attached hereto as **<u>Exhibit "B."</u>**

30. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

31. Defendants utilized the Work for commercial use.

32. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

33. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on January 30, 2024. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

34. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

35. Plaintiff re-alleges and incorporates paragraphs 1 through 34 as set forth above.

36. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

37. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

38. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on their website, webpage, and/or social media.

39. Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

40. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

41. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Notably, Defendants themselves utilize a copyright disclaimer on their website ("Copyright © 2024 Lifetime Hearing Services | All Rights Reserved"), indicating that Defendants understand the importance of copyright protection and intellectual property rights and that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

42. Defendants' willfulness is further demonstrated by the fact that Defendants have refused and/or failed to remove the Work from their website, webpage, and/or social media notwithstanding multiple communications sent to Defendants (via phone and email) notifying them of the infringement and demanding that the Work be removed from Defendants' website, webpage, and/or social media. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendants' website.

43. Plaintiff has been damaged as a direct and proximate result of Defendants'

infringement.

44. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

45. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

46. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

47. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;
b. A declaration that such infringement is willful;
c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;
d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;
e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;
f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's

  copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity;

g. For such other relief as the Court deems just and proper; and

h. Plaintiff hereby demands a trial by jury.

Dated: September 26, 2024.

**BURR & FORMAN LLP**

/s/ William Y. Klett, III
William Y. Klett, III, Esquire (Federal ID # 5610)
100 Calhoun Street
Suite 400
Charleston, South Carolina 29401
(843) 973-6805
wklett@burr.com

*Counsel for Plaintiff, Tom Hussey Photography, LLC*